Glenn R. Kantor - State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Jaclyn D. Conover, SBN 266749
  E-mail: jconover@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave. Suite 1400
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
JOAN BAXTER-STONE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JOAN BAXTER-STONE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Defendant | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(3) FINANCIAL ELDER ABUSE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joan Baxter-Stone herein sets forth the allegations of her Complaint against Defendant John Hancock Life Insurance Company, ("JOHN HANCOCK").

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiff is informed and believes that Defendant JOHN HANCOCK is a corporation incorporated in Massachusetts with its principal place of business in Massachusetts. The Defendant is authorized to transact and is transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff Joan Baxter-Stone at the time of the denial of the Long-Term Care benefits which is the subject of this action, was a resident and citizen of the County of Riverside, State of California.

## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANT FOR BREACH OF CONTRACT

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. In 2006, John Hancock issued to the Plaintiff a Long-Term Care Policy Number: 35227718 ("the Policy").

7. From 2006 through the present, the Plaintiff has paid all premiums due under the policy.

8. In 2023, Joan Baxter-Stone became eligible to receive benefits under the terms of her policy and has initiated and submitted all necessary documentation to JOHN HANCOCK such that her claim should have been approved and paid. John Hancock assigned her claim number R23009035. John Hancock originally paid benefits, but effective June 10, 2024, terminated the payment of benefits, despite no improvement to Plaintiff's condition, or a lessening of her needs for assistance with the activities of daily living which first caused JOHN HANCOCK to approve her benefit claim.

9. Moreover, defendant has denied the claim on specious grounds, predicating its denial on its own failure to comply with its obligations to obtain necessary information, and upon a strict reading of a policy provision intended to prevent claimants from receiving benefits, while ignoring the fact that under the

same strict reading of the same policy provision, the Plaintiff has satisfied all policy provisions for coverage and the entitlement to benefits.

10. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid by Plaintiff. At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed. As a direct and proximate result of Defendant's improper conduct, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy. The denial of benefits constitutes a breach of the insurance contract between JOHN HANCOCK and the Plaintiff.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANT FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

11. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

12. Defendant breached its respective duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding coverage from Plaintiff in bad faith at a time when Defendant knew Plaintiff was entitled to said coverage under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the failure to pay valid claims under the terms of Plaintiff's coverage.

(c) Intentionally and unreasonably applying pertinent policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits;

(e)  Unreasonably compelling Plaintiff to institute litigation to recover her coverage due under the Policy to further discourage Plaintiff from pursuing her full policy benefits.

13.  Plaintiff is informed and believes and thereon alleges that Defendant has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

14.  As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

15.  As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

16.  As a further proximate result of the wrongful conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

17.  Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

18. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, and assets essential to her health and welfare. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## THIRD CLAIM FOR RELIEF
## AGAINST DEFENDANT FOR ELDER ABUSE

19. Plaintiff refers to and incorporates herein all preceding paragraphs as though set forth in full in this cause of action.

20. California Welfare and Institutions Code section 15600, The Elder Abuse and Dependent Adult Civil Protection Act, outlines the need for legislation to protect the elderly in their physical and financial needs as well as the damages for the violation of those obligations.

21. Defendant's conduct constituted Financial Abuse as defined by the Act. "Financial Abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (a) takes, secretes, appropriates, obtains or retains real or personal property of an elder or dependent adult for a wrongful use with intent to defraud, or both; (b) assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

22. Given the nature of the insurance policy and the insurance coverage at issue herein, Defendant knew, or should have known that the failure to pay benefits owed to Plaintiff was a harmful breach of duty, and Defendant should have been

aware of the harm caused to Plaintiff by all of its actions and most importantly by its failure and refusal to pay her long term care benefits when due under the terms of her coverage.

23. As a direct and proximate result of Defendant's conduct and breach of its obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $100,000.00, plus interest, including pre-judgment interest.

2. General damages for mental and emotional distress and other incidental damages in the sum of $500,000.00.

3. Punitive and exemplary damages in an amount in excess of $10,000,000.00.

4. A trebling of any punitive damages award pursuant to California Civil Code §3345.

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court deems just and proper.

DATED: November 8, 2024                    KANTOR & KANTOR, LLP

                                           By:   /s/ Glenn R. Kantor
                                                 Glenn R. Kantor
                                                 Jaclyn D. Conover
                                                 Attorneys for Plaintiff
                                                 JOAN BAXTER-STONE

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: November 8, 2024                    KANTOR & KANTOR, LLP

                                By:   */s/ Glenn R. Kantor*
                                      Glenn R. Kantor
                                      Jaclyn D. Conover
                                      Attorneys for Plaintiff
                                      JOAN BAXTER-STONE